**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-20071-CIV-ALTONAGA/O'Sullivan**

STAT MEDICAL DEVICES, INC.,

    Plaintiff,

v.

INTRINSYK LLC, d/b/a INTRINSYK MEDICAL
DEVICES LLC, also d/b/a INTRINSYK,
and

PAUL R. FULLER,

    Defendants.
_____/

**DEFENDANT PAUL R. FULLER'S MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Defendant Paul R. Fuller ("Fuller"), pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6), respectfully moves the Court to dismiss the First Amended Complaint [D.E. 8] ("Amended Complaint") filed by Plaintiff Stat Medical Devices, Inc. ("Plaintiff"). As explained more fully herein, Fuller is not subject to personal jurisdiction or venue in this Court, and Plaintiff has failed to state a claim against Fuller for patent infringement or for tortious interference.

**INTRODUCTION**

    Plaintiff filed this lawsuit alleging that Defendants sold or offered for sale in Florida certain products that infringe on patents owned by Plaintiff. The products at issue are lancets, which are medical devices used to draw blood samples. Plaintiff also alleges that Fuller, a former employee of Plaintiff and a current employee of Defendant Intrinsyk, LLC ("Intrinsyk"), breached certain post-employment obligations and tortiously interfered with Plaintiff's business

relations by inducing another employee to terminate his employment relationship with Plaintiff. Plaintiff alleges that this Court has federal-question jurisdiction over the patent claims in this lawsuit and that the Court has supplemental jurisdiction over the state-law claims against Fuller.

Fuller is not subject to this Court's jurisdiction on any of Plaintiff's claims, including the patent claims, because he is not subject to jurisdiction under Florida's long-arm statute and because subjecting him to personal jurisdiction in this Court would violate due process. Fuller adds that Plaintiff has not alleged diversity jurisdiction; therefore, if personal jurisdiction is lacking on the patent claims, then the court lacks supplemental jurisdiction over the state-law claims. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 n.1 (Fed. Cir. 2003) ("[T]he district court would also have personal jurisdiction over defendants as to the two state law claims <u>provided that personal jurisdiction existed as to the patent claim</u> and there was supplemental jurisdiction pursuant to 28 U.S.C. § 1367 existed as to the state law claims.") (emphasis added) (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003)).

Jurisdiction and venue are improper as to Fuller as to the state-law claims. Although Fuller was formerly employed by Plaintiff, the employment agreement was made and performed in Massachusetts, not Florida. Fuller worked at Plaintiff's Massachusetts office and resided in Massachusetts at all times during his employment with Plaintiff. The employee that Fuller allegedly interfered with worked in Massachusetts and resided in New Hampshire, not Florida. Fuller does not own property in Florida or operate any business in this state, and has visited Florida only once since 2013 to attend a trade show that was unrelated to the claims at issue in this lawsuit. Based on these and other facts, Fuller does not have sufficient contacts with Florida to permit the exercise of general or specific jurisdiction over him in this Court. These facts also demonstrate that venue is improper in this district.

Plaintiff also fails to state a patent claim against Fuller. Fuller does not market or sell any products in his individual capacity. Although Plaintiff's Amended Complaint alleges in conclusory terms that "Defendants" offered products for sale in Florida, the exhibits to Plaintiff's Amended Complaint show that the products at issue appear only on Intrinsyk's website.

Finally, Plaintiff's tortious interference claim fails as a matter of law.[1] Fuller and the other former employee did not have a specific duration or term of employment. Therefore, they were "at will" employees. This status is significant because "[a] contract terminable 'at will' cannot be the subject of tortious interference where said interference is lawful competition." *Adler Consulting Corp. v. Exec. Life Ins. Co.*, 483 So. 2d 501, 502 (Fla. 3d DCA 1986).

## FACTUAL BACKGROUND

Plaintiff is a corporation organized under Florida law and maintains its principal place of business in Florida. Am. Compl. ¶ 2. Plaintiff is engaged in the business of among other things, owning patented inventions, including U.S. Patent No. 7,947,057 ("the '057 Patent"), U.S. Patent No. 8,834,503 ("the '503 Patent"), U.S. Patent No. 6,764,496 ("the '496 Patent"), U.S. Patent No. 8,034,069 ("the '069 Patent"), U.S. Patent No. 8,353,924 ("the '924 Patent"), and U.S. Patent No. 8,814,896 ("the '896 Patent"). Am. Compl. ¶¶ 10-15. The '057 Patent, '503 Patent, '496 Patent, '069 Patent, '924 Patent, and '896 Patent cover designs for lancet devices, which are used to prick the skin for obtaining blood samples. The patents at issue concern lancets with "adjustable penetration depths." Am. Compl. ¶ 11.

From December 2004 until June 2013, Plaintiff employed Fuller as the Director of Product Development and Executive Vice President. Am. Compl. ¶ 4 & Ex. I; accompanying Declaration of Paul R. Fuller ("Fuller Decl."), ¶ 2, attached hereto as Exhibit 1. The contract

---

[1] Fuller also disputes the merits of Plaintiff's breach of contract claim, but for purposes of this motion, argues only that jurisdiction and venue are improper as to that claim.

3

was made and performed in Massachusetts. Fuller Decl. ¶¶ 3-4. Although Plaintiff and Fuller memorialized certain terms of the employment relationship in a written document, the document does not contain a duration or otherwise specify the length of the employment relationship. Am. Compl. Ex. I; Fuller Decl. ¶ 3. Accordingly, Fuller was an at-will employee. *Iniguez v. Am. Hotel Register Co.,* 820 So. 2d 953, 955 (Fla. 3d DCA 2002) ("employment contracts without a definite term are generally terminable at will by either party"); *Jackson v. Action for Boston Cmty. Dev., Inc.*, 403 Mass. 8, 9, 525 N.E.2d 411, 412 (1988) (holding that in the absence of a contract specifying a definite term of employment, it is presumed to be at will and is "terminable by either the employee or the employer").[2] In any event, Plaintiff's employment handbook, which is referenced in Exhibit I to the Amended Complaint, confirms that Plaintiff's employees are at will employees. Fuller Decl. ¶ 5 & Ex. A.[3] During the course of his employment, Fuller resided in Massachusetts and worked at Plaintiff's office in Danvers, Massachusetts. Fuller Decl. ¶ 4. Fuller has not ever resided in Florida and visited Florida only once since 2013 to attend a trade show that was unrelated to the claims at issue in this lawsuit. *Id.*¶¶ 4, 6, & 9-10. He does not own property or own or operate any business in Florida. *Id.* ¶ 8.

---

[2] *See also Donnell v. Lee Cnty. Port Auth.*, 509 F. App'x 903, 905 (11th Cir. 2013) ("The general rule under Florida law is that—absent a statute, ordinance, or contract providing otherwise—employees who are employed for an indefinite term are at-will employees who may be terminated for any reason at any time.").

[3] The employment agreement attached as Exhibit I to the Amended Complaint provides that the "[t]erms, [c]onditions, and [s]tipulations of [e]mployment . . . [are] described in the OxyStat Inc. Employee Handbook." Am. Compl., Ex. I. Because the agreement is attached to the motion to dismiss, this Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). The incorporated handbook provides that the employee can voluntarily leave and that the employer can discharge an employee with or without cause at any time. Fuller Decl. ¶ 5 & Ex. A.

Two provisions of Fuller's employment agreement with Plaintiff are pertinent to the state-law claims asserted against him. First, the agreement provides as follows:

> [Fuller] do[es] hereby agree that during the term of [his] employment and/or association with [Plaintiff], or at any time thereafter, [Fuller] shall not communicate, divulge or use for the benefit of any other person, persons, partnership, proprietorship, association, corporation or entity any knowledge, trade secrets, Confidential Information, or know how concerning the systems of operation, programs, services, products, clients, employees or practices of [Plaintiff] pertaining to which may be communicated to [Fuller], nor shall [Fuller] divert any business to competitors of [Plaintiff].

Am. Compl. Ex. I at 6, ¶ 1. Second, the agreement provides that,

> [Fuller] further agree[s] that upon the expiration or termination of any term of employment, service, or associat[ion] with [Plaintiff] with which [Fuller is] an employee, [Fuller] shall refrain from any and all contacts with other employees, staff members, job-seekers, or clients of [Plaintiff] for any business or otherwise restricted purpose for a period of ~~two (2)~~ <u>one year~~s~~</u> immediately following such expiration or termination.

Am. Compl. Ex. I at 6, ¶ 4.

Fuller began working for Intrinsyk in 2013. Fuller Decl. ¶ 6. Intrinsyk is a Massachusetts limited liability company, and is registered to do business in New Hampshire. Am. Compl. ¶ 3; Decl. of Paul Fuller in Support of Defendant Intrinsyk LLC's Motion to Dismiss, ¶¶ 2-3, attached to Defendant Intrinsyk LLC's Motion to Dismiss as Exhibit 1. Fuller has worked in New Hampshire and resided in Massachusetts during his employment with Intrinsyk. Fuller Decl. ¶ 6. Fuller performs his duties in New Hampshire.

With respect to the specific "lancing devices" accused of infringing Plaintiff's patents, including the INTRINSYK POISE and SOLACE Lancing Devices, Fuller has not sold any lancing devices in Florida. Fuller Decl. ¶ 7.

Approximately two months after Fuller ceased working with Plaintiff, Thomas Gannon, who worked for Plaintiff as a Director of Sales, resigned and began working with Intrinsyk. Fuller Decl. ¶ 12; accompanying Declaration of Thomas Gannon ("Gannon Decl."), ¶ 4 attached

5

hereto as Exhibit 2.  Gannon was subject to the terms of Plaintiff's employee handbook.  Gannon Decl., ¶ 3.

Plaintiff filed this lawsuit in January 2015 and filed an Amended Complaint in April 2015, alleging that Defendants infringed the '057 Patent and the '503 Patent by "making, using, offering for sale and/or selling . . . one or more lancing devices, including the INTRINSYK POISE Lancing Device."  Am. Compl. ¶¶ 18 & 24.  Plaintiff also alleges that Defendants infringed the '496 Patent, '069 Patent, '924 Patent, and '896 Patent by "making, using, offering for sale and/or selling . . . one or more lancing devices, including the INTRINSYK SOLACE single use lancet device."  Am. Compl. ¶¶ 30, 36, 42 & 48.  Plaintiff contends that this alleged infringing activity is occurring "in this Judicial District."  *Id.* ¶¶ 18, 24, 30, 36, 42 & 48.  Plaintiff also alleges that Fuller breached his contractual obligations under the employment agreement and tortiously interfered with Plaintiff's business relationship with Gannon.  *Id.* at ¶¶ 53-76.

## ARGUMENT

**A.   Fuller Is Not Subject to Personal Jurisdiction on the State-Law Claims and Patent Claims.**

The Federal Rules of Civil Procedure allow the dismissal of a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Because Plaintiff's lawsuit raises patent claims and state law claims, Federal Circuit law governs whether this Court has personal jurisdiction over Fuller with respect to claims "'intimately involved with the substance of the patent laws,'" but the jurisdictional analysis regarding state-law claims is "governed [] by . . . regional circuit law."  *Coyle*, 340 F.3d at 1348 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852,

857 (Fed. Cir. 1999) (analyzing personal jurisdiction question over defendant as to the state law trade libel and defamation claims under regional circuit law)).[4]

With respect to analyzing personal jurisdiction over the state law claims, the United States Court of Appeals for the Eleventh Circuit has held, "[w]hen jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs [the District Court] to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996) (analyzing the Florida long-arm statute) (citing *Cable/Home Commc'n v. Network Prods.*, 902 F.2d 829, 855 (11th Cir. 1990)). "'Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court.'" *Sculptchair*, 94 F.3d at 627. "Florida's long-arm statute is to be strictly construed." *Id.* (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983)).

### 1. The Burden Is on Plaintiff to Prove Personal Jurisdiction.

Under Florida law, the plaintiff bears the burden of proving personal jurisdiction: "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir. 1990), *cert. denied,* 499 U.S. 937 (1991); *see also Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002) (A "plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant") (analyzing jurisdiction in a diversity case).

---

[4] *But see Coyle*, 340 F.3d at 1348 n.1 ("the district court would also have personal jurisdiction over defendants as to the two state law claims provided that personal jurisdiction existed as to the patent claim and there was supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the state law claims.").

"'A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'" *Meier*, 288 F.3d at 1268 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). If the defendant meets its burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof, and may not merely rely upon the factual allegations set forth in the complaint. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). When a "plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269. Here, Plaintiff cannot meet its burden of proving personal jurisdiction over Fuller.

> **2.    This Court Does Not Have Personal Jurisdiction Over Fuller Because Florida's Long-Arm Statute Does Not Provide for Jurisdiction.**

Plaintiff alleges that personal jurisdiction is proper under the Florida long-arm statute, as codified at Fla. Stat. Ann. § 48.193, because "the tortious acts complained of . . . were committed in the State of Florida, the property infringed is situated in the State of Florida, and the acts were directed at Plaintiff, an entity based in Florida." Am. Compl. ¶ 7. The Florida long-arm statute provides, in pertinent part, as follows:

> (1)(a)  A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1.    Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2.    Committing a tortious act within this state.
>
> \* \* \*
>
> 6.    Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

8

   a. The defendant was engaged in solicitation or service activities within this state; or

   b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

§§ 48.193(1)(a)(1)-(2) & (6)-(7), Fla. Stat.

Contrary to Plaintiff's allegations, Fuller has not performed any acts enumerated in the Florida long-arm statute. First, with respect to Section 48.193(1)(a)(1), Fuller does not reside or otherwise have a physical presence in Florida and has not owned or operated a business in Florida. Fuller Decl. ¶¶ 8-9. Although Fuller previously worked for Plaintiff, Fuller's employment agreement was made and performed in Massachusetts where Plaintiff maintains an office. *Id.* ¶¶ 3-4. Fuller resided and worked in Massachusetts during his employment with Plaintiff and performed his duties at Plaintiff's Massachusetts office.[5] *Id.* ¶ 4. Fuller does not own property in this state. *Id.* ¶ 8.

Second, with respect to Section 48.193(1)(a)(2), Fuller has not committed a "tortious act" within the state of Florida nor caused injury to Plaintiff within the state of Florida. "[U]nder Florida law, a nonresident defendant commits 'a tortious act within [Florida]' when he commits an act outside the state that causes injury within Florida." *Louis Vuitton Malletier, S.A. v.*

---

[5] In 2013, Fuller attended a trade show in Miami, Florida. Fuller Decl. ¶ 10. At the trade show, Fuller met with a Chinese manufacturer of medical products, but he did not sell (or attempt to sell) any products or solicit services in Florida. *Id.* ¶¶ 7 & 10. (Intrinsyk had yet to fully design and develop any lancing devices at that time. *Id.* ¶ 10.) As will be set forth below, Fuller's single visit to Florida to meet with a non-Florida entity does not provide this Court with personal jurisdiction over him.

*Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013). [6] For purposes of this statute, the defendant does not have to be physically present in Florida for the tortious act to occur within the state. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293 (11th Cir. 2009) (citing *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). "Thus, 'committing a tortious act' within the meaning of this provision may be accomplished via 'telephonic, electronic, or written communications into Florida,' so long as the cause of action arose from those communications, and, under certain circumstances, such communications can also satisfy due process requirements." *Global Digital Solutions, Inc. v. Murphy*, No. 14-80190-CIV, 2014 WL 5089796, at *6-7 (S.D. Fla. Oct. 9, 2014). "[A] distinct connection between the defendant's communication and the alleged tort is required to sustain specific jurisdiction under this provision." *Id.* "[W]here none of the alleged causes of action would depend on proof of either the existence or content of the communications from the non-resident into Florida, personal jurisdiction will not lie." *Id.* (citing *Millennium Indus. Network, Inc. v. Hitti*, 2014 WL 324656 (S.D. Fla. 2014)).

In this case, Plaintiff alleges that Fuller tortiously interfered with Plaintiff's employment relationship with Gannon. Gannon, however, was employed in Plaintiff's Massachusetts office and resided in New Hampshire. Any alleged conduct by Fuller, who resides in Massachusetts and works in New Hampshire, towards Gannon does not have a nexus to any alleged injury in Florida.

---

[6] *See also Am. Torch Tip Co. v. Dykema Gossett PLLC*, No. 8:11-CV-0202-T-23EAJ, 2011 WL 3171811, at *4 (M.D. Fla. July 8, 2011) report and recommendation adopted, No. 8:11-cv-202-T-23EAJ, 2011 WL 3170282 (M.D. Fla. July 27, 2011) ("'While a defendant's physical presence in the state is not required, it is not, however, enough that the actions of a defendant committed outside of Florida ultimately have consequences in Florida . . . . Instead, his actions must directly cause injury or damage within the state.'") (citing *Blumberg v. Steve Weiss & Co.*, 922 So. 2d 361, 364 (Fla. 3d DCA 2006)).

Third, Intrinsyk has not caused injury in the state of Florida pursuant to § 48.193(1)(a)(6). As the Eleventh Circuit has recognized, "[t]he Florida Supreme Court has decided that a purely economic injury . . . is insufficient to confer jurisdiction over a defendant under § 48.193(1)(f)." *Sunbank, N.A. v. E. F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991); *see also Structural Panels, Inc. v. Texas Aluminum Indus., Inc.*, 814 F. Supp. 1058, 1065 (M.D. Fla. 1993) ("[T]his section does not permit jurisdiction over nonresidents for acts arising outside the state which cause financial injury within the state, in the absence of personal injury or property damage"). Fuller has not caused personal injury or property damage in the state of Florida.

Fourth, and finally, § 48.193(1)(a)(7) confers personal jurisdiction when a non-resident breaches a contract that is to be performed in Florida. As stated, Fuller performed his duties at Plaintiff's Massachusetts office, and his employment agreement was performed in Massachusetts. Fuller Decl. ¶¶ 3-4. Thus, no section of Florida's long-arm statute provides for personal jurisdiction over Fuller.

> **3.    This Court Does Not Have Jurisdiction Over Fuller Because Jurisdiction Would Not Comport With Due Process.**

Because Plaintiff cannot show that jurisdiction over Fuller would be permitted "under Florida's long arm statute, [this Court] need not analyze whether the exercise of jurisdiction would comport with due process." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014). However, in an abundance of caution, Fuller shows that exercising jurisdiction over him in this case would not comport with due process for the following reasons.

Fuller is not subject to specific or general jurisdiction in Florida because he lacks "minimum contacts" with the state of Florida. *See, e.g., Marshall*, 557 F.3d at 1295-96, *certified question answered*, 39 So. 3d 1201 (Fla. 2010) ("The due process inquiry requires us to

determine whether 'the defendant ha[s] minimum contacts with the forum state' and if the district court's exercising of jurisdiction over that defendant would 'offend traditional notions of fair play and substantial justice.'"). "The Constitution prohibits the exercise of personal jurisdiction over a nonresident unless his contact with the state is such that he has 'fair warning' that he may be subject to suit there." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 811 (11th Cir. 2010). "A defendant has such 'fair warning' if he 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Thomas v. Brown*, 504 F. App'x. 845, 848 (11th Cir. 2013) (internal quotation marks omitted).

"An assertion of general jurisdiction requires that the defendant have 'continuous and systematic' contacts with the forum state, and that such activity will confer[ ] [general] personal jurisdiction even when the cause of action has no relationship with those contacts." *Zamora Radio, LLC v. Last.fm LTD.*, No. 09-20940-CIV, 2011 WL 2580401, at *11 (S.D. Fla. June 28, 2011). "This Court has found that 'continuous and systemic' contacts with Florida ***do not exist*** when the defendant: (1) is not licensed to do business in Florida and does not carry out business in Florida; (2) does not maintain an address, office or employees in Florida; (3) does not have a physical presence of any kind in Florida; (4) does not direct any advertising or marketing at Florida; and (5) maintains a website that is not specifically directed at the customers of the state where plaintiff seeks jurisdiction." *Id.* (emphasis added) (internal quotations omitted).

Here, Fuller is not licensed to do business in Florida (Fuller Decl., ¶ 7), has made no direct sales in Florida (*Id.*), has no offices, employees, re-sellers, etc. or other presence in Florida (*Id.* at ¶¶ 8-9), has never specifically targeted Florida residents through an advertising campaign (*Id.* at ¶ 10), does not hold any bank accounts or investments in Florida (*Id.* at ¶ 11), and has not otherwise contracted with any party in Florida (*Id.*).[7]   General jurisdiction is not present.

Additionally, the Court cannot exercise specific jurisdiction either.  Three factors are relevant to the specific jurisdiction inquiry:  "whether: (1) the defendant purposefully directed its activities towards residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."  *Zamora Radio*, 2011 WL 2580401, at *3.  As set forth above, Fuller has not purposefully directed any activity towards residents of Florida and Fuller has no contacts with Florida, so the first two factors do not confer specific jurisdiction over Fuller.  At best, the claims arise as a result of Fuller's prior employment with Plaintiff, a company based in Florida, but Fuller only worked out of Massachusetts for Plaintiff, and never did any work in Florida.  He executed and performed his employment contract with Plaintiff in Massachusetts.

Additionally, as set forth above, Fuller only traveled to Florida for a one-time visit with a Chinese manufacturer in 2013. Such a single visit is not sufficient to show that Fuller has minimum or systematic and continuous contacts with Florida.  *Palm Beach Grading, Inc. v. Picerne Constr./FBG, LLC*, No. 09-80182-CIV, 2009 WL 3010478, at *5 (S.D. Fla. Sept. 16, 2009) ("A defendant may not be haled into court in a jurisdiction where his contacts with that state are 'random', 'fortuitous' or 'attenuated'.") (quoting *Burger King Corp. v. Rudzewicz*, 471

---

[7]   Prior to joining Intrinsyk, Fuller was an employee of Plaintiff in Massachusetts, and his only connection to Florida was his entering into an employment contract to work in Massachusetts for Plaintiff, a company based in Florida.

U.S. 462, 486 (1985)); *see also Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 993 (11th Cir. 1986) ("[t]he mere 'foot-fall' of the defendant's agents 'on the State's soil' does not ... invoke the benefits and protections of the laws of the forum.").

Even if Fuller had *any* contacts with Florida, exercise of jurisdiction over him would offend traditional notions of reasonableness and fairness. For this element, five factors articulated by the Supreme Court in *Burger King* are relevant to the analysis: "(1) 'the burden on the defendant;' (2) 'the forum State's interest in adjudicating the dispute;' (3) 'the plaintiff's interest in obtaining convenient and effective relief;' (4) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (5) the 'shared interest of the several States in furthering fundamental substantive policies.'" *Id.* at *10.

The burden on Fuller, an individual residing in Massachusetts and working in New Hampshire, to litigate in Florida would be high and very costly for him. Additionally, given Fuller's lack of contacts with Florida, Florida cannot have any interest in adjudicating the dispute.[8] While Florida may be a convenient forum for Plaintiff, neither Fuller nor Intrinsyk does any business in Florida, so any relief that Plaintiff seeks would be more effective in another forum. For the same reasons, the interstate judicial system's interest in efficient resolution would not be met if this case were considered in Florida. Finally, adjudicating this matter in Florida would not further any fundamental substantive policies. As a result, exercising specific jurisdiction over Fuller in Florida would not comport with tradition notions of reasonableness and fairness.

---

[8] This Court has previously found "no reason to conclude that Florida would have a significant interest in adjudicating a matter which involves a company with no contact with the State of Florida." *Zamora Radio*, 2011 WL 2580401, at *10.

Because Fuller has no connection to Florida, Plaintiff's claims do not arise out of Fuller's contacts with Florida and Fuller has not "purposefully availed" himself of conducting business in Florida, Fuller could not reasonably anticipate being haled into court in Florida. There is no basis for this Court to exercise personal jurisdiction over Fuller.

**B.      Venue Is Also Improper as to Fuller.**

The Federal Rules of Civil Procedure also allow a Court to dismiss a complaint when venue is improper. Fed. R. Civ. P. 12(b)(3). "Rule 12(b)(3) is a somewhat unique context of dismissal [because courts] consciously look beyond the mere allegations of a complaint, and, although [they] continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, [they] do not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012).

Plaintiff contends that venue is proper in this Court under the general venue provisions of 28 U.S.C. § 1391(b)&(c) and the patent venue provisions of 28 U.S.C. § 1400(b). Am. Compl. ¶ 9. Both contentions are incorrect.

> In general, venue is appropriate in a civil action in
>
> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A defendant who is a natural person "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Fuller is a natural person who resides and is domiciled in Massachusetts, not Florida. Fuller Decl. ¶ 6. As

explained in the preceding section, the acts allegedly giving rise to Plaintiff's state-law claims occurred outside of Florida.

Fuller incorporates Intrinsyk's challenges to venue regarding the patent claims,[9] but adds that 28 U.S.C. § 1400(b) provides as follows:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement **and** has a regular and established place of business.

28 U.S.C. § 1400(b) (emphasis added). Thus, Fuller "may be sued in a patent infringement case only where he resides, or where he has allegedly committed acts of infringement and has a regular and established place of business." *R.W.D. Innovative Specialty Trims LLC v. Oehme*, No. 4:12cv599-WS/CAS, 2013 WL 5460210, at *2 (N.D. Fla. Sept. 30, 2013) (emphasis in original). Neither of those conditions are met for venue to be proper in this Court.

**C.    Plaintiff's Amended Complaint (1) Fails to State a Claim for Patent Infringement Against Fuller and (2) Fails to State a Claim for Tortious Interference.**

A complaint should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While well-pleaded facts are accepted as true at the motion to dismiss stage, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). In addition, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

---

[9] *See* Defendant Intrinsyk LLC's Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law, which is being filed simultaneously with this Motion.

16

### 1. Fuller Cannot Be Liable for Intrinsyk's Allegedly Infringing Products.

Plaintiff's only allegations regarding infringement arise out of two products described on Intrinsyk's website. Even if Intrinsyk were to be found liable for patent infringement, Fuller, an Intrinsyk officer, cannot be liable for Intrinsyk's allegedly infringing products. While there are circumstances in which an officer or director of a company can be held liable for a company's infringement under an alter-ego theory and piercing of the corporate veil, *see Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 683 F. Supp. 2d 1292, 1299-1300 (M.D. Fla. 2009),[10] Plaintiff has not asserted any allegations that Intrinsyk is an alter-ego of Fuller. Fuller, as an officer of Intrinsyk, cannot be liable for Intrinsyk's alleged patent infringement without piercing the corporate veil, and therefore the patent claims fail as a matter of law and should be dismissed.

### 2. Fuller Did Not Tortiously Interfere with Gannon's "At Will" Employment Contract.

Under Florida law, a claim for tortious interference consists of the following elements:

> 1) the existence of a business relationship not necessarily evidenced by an enforceable contract under which the plaintiff has rights; 2) the defendant's knowledge of the relationship; 3) an intentional and unjustified interference with the relationship by the defendant; and 4) damage to the plaintiff as a result of the interference.

*Realauction.com, LLC v. Grant St. Grp., Inc.*, 82 So. 3d 1056, 1058 (Fla. 4th DCA 2011). However, Florida law provides that "[a] contract terminable 'at will' <u>cannot</u> be the subject of tortious interference where said interference is lawful competition." *Adler Consulting Corp.*, 483 So. 2d at 502 (emphasis added).[11] As stated, and as confirmed by Plaintiff's employee

---

[10]  *See also Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1312-15 (Fed. Cir. 2010).

[11]  Florida courts consider four main factors in determining what state's law governs a tort claim:

handbook, Gannon had an employment "at will" relationship with Plaintiff. Gannon Decl. ¶ 3; Fuller Decl. ¶ 5 & Ex. A. Thus, Plaintiff cannot assert a claim based on the decision of a competitor, i.e., Intrinsyk, to hire Gannon.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Intrinsyk's motion to dismiss Plaintiff's patent claims, Fuller is not subject to personal jurisdiction or venue in this Court, and Plaintiff has failed to state a claim against Fuller for patent infringement or for tortious interference.

### Local Rule 7.1 Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel certifies that she conferred orally with Oliver A. Ruiz, Esq. and W. John Eagan, Esq., counsel for Plaintiff, who objects to the relief requested in this Motion.

---

1) "the place where the injury occurred," 2) "the place where the conduct causing the injury occurred," 3) "the domicile, residence, nationality, place of incorporation and place of business of the parties," and 4) "the place where the relationship, if any, between the parties is centered."

*Connell v. Riggins*, 944 So. 2d 1174, 1177 (Fla. 1st DCA 2006) (quoting Restatement (Second) of Conflict of Laws (1971)). In any event, the elements for tortious interference are essentially the same under Massachusetts law, *Cachopa v. Stoughton*, 72 Mass. App. Ct. 657, 660 (2008), and Plaintiff's claims would fail as a matter of law in Massachusetts. *See Moore v. La-Z-Boy, Inc.*, 639 F. Supp. 2d 136, 143 (D. Mass. 2009).

Dated: May 26, 2015                                   Respectfully submitted,

                                                                            s/Martha R. Mora
                                                                            Martha R. Mora, Esq.
                                                                            Florida Bar No. 648205
                                                                            E-mail: mmora@arhmf.com
                                                                            Marisol Vilasuso
                                                                            Florida Bar No. 92124
                                                                            E-mail: mvilasuso@arhmf.com
                                                                            Avila Rodriguez Hernandez Mena & Ferri LLP
                                                                            2525 Ponce de Leon Blvd., Suite 1225
                                                                            Coral Gables, FL 33134
                                                                            Telephone: (305) 779-3560
                                                                            Facsimile: (305) 779-3561
                                                                            ***Attorneys for Defendant Intrinsyk, LLC***

                                                                            AND

                                                                            **KILPATRICK TOWNSEND & STOCKTON LLP**

                                                                            D. Clay Holloway*
                                                                            cholloway@kilpatricktownsend.com
                                                                            Joshua H. Lee*
                                                                            jlee@kilpatricktownsend.com
                                                                            Suite 2800, 1100 Peachtree Street NE
                                                                            Atlanta, GA 30309
                                                                            Tel: (404) 815-6500

                                                                            Stephanie Martinez*
                                                                            smartinez@kilpatricktownsend.com
                                                                            Suite 4400, 1420 Fifth Avenue
                                                                            Seattle, WA  98101
                                                                            Tel: (206) 467-9600

                                                                            **Pro hac vice* applications forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on May 26, 2015 on all counsel or parties of record on the Service List below.

By:   Martha R. Mora<br>Martha R. Mora

## SERVICE LIST

**MALLOY & MALLOY, P.L.**
John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
Oliver A. Ruiz
oruiz@malloylaw.com
John Fulton, Jr.
jfulton@malloylaw.com
W. John Eagan
jeagan@malloylaw.com
2800 S.W. Third Avenue
Miami, Florida 33129
Tel: (305) 858-8000
*Attorneys for Plaintiff*